# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**DAVINA L. KIRK,**
**Claimant Below, Petitioner**

**FILED**

March 21, 2018
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 17-0955**  (BOR Appeal No. 2051966)
(Claim No. 2017006237)

**KAREN HULTMAN, INC.,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Davina L. Kirk, by Reginald D. Henry, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Karen Hultman, Inc., by Melissa A. Blatt, its attorney, filed a timely response.

The issue on appeal is the compensability of Ms. Kirk's workers' compensation claim. The claim was denied by the claims administrator on September 6, 2016. The Office of Judges affirmed the claims administrator in its May 2, 2017, Order. The Order was affirmed by the Board of Review on September 26, 2017. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Kirk worked as a medical assistant and phlebotomist for Karen Hultman, D.O., for twelve years. Her work duties included drawing blood, assisting with lab orders, calling patients, and preparing letters. On August 16, 2016, Ms. Kirk alleged that she sustained a repetitive stress injury which caused left arm, shoulder and back pain. The injury was due to her drawing blood repeatedly on a daily basis which required her to hold her arm in an awkward position.

Ms. Kirk was treated by Dr. Hultman from December 27, 2007, though May 16, 2016. On December 27, 2007, Ms. Kirk complained of thoracic spine, rib, and shoulder pain that had been progressively worsening over the last month. Dr. Hultman diagnosed thoracic and cervical strain and prescribed Motrin and Valium. On July 28, 2010, Ms. Kirk was seen for shoulder pain

and weakness and Dr. Hultman diagnosed cervical and shoulder somatic dysfunction. Dr. Hultman later diagnosed myalgia and thoracic strain. On June 2, 2014, Dr. Hultman referred Ms. Kirk to a rheumatologist for chronic fatigue and myalgias. In May of 2015 Ms. Kirk was diagnosed with a lumbar strain and referred to physical therapy for her left shoulder. In February and May of 2016 Ms. Kirk was seen for overall fatigue and diagnosed with thoracic and lumbar strains.

Ms. Kirk sought treatment from Christopher Flint, D.C., on August 16, 2016, for her thoracic spine, rib, and shoulder problems. Dr. Flint noted the thoracic symptoms had been progressively worsening for the past month. Ms. Kirk told him the mechanism of injury was her work as a phlebotomist. Dr. Flint diagnosed segmental and somatic dysfunction of the rib cage, cervical, lumbar, pelvic, thoracic, and sacral regions, and tietze syndrome.  The employee's and physician's report of injury was completed the same day.  The employee section of report stated that Ms. Kirk had left arm, shoulder and back pain due to repetitive stress from drawing blood repeatedly on a daily basis which required her to hold her arm in an awkward position. Dr. Flint completed the physician section of the report and indicated Ms. Kirk had rib sublaxation with combined costosternal/intercostal muscle strain and costochondral sprain that was related to her work. He has continued to treat Ms. Kirk with a combination of manipulative therapy and ultrasound.

On September 2, 2016, Syam Stoll, M.D, performed a medical records review regarding the causality and compensability of Ms. Kirk's complaints in regard to her employment as a medical assistant. Dr. Stoll noted the records showed Ms. Kirk injured her left arm, shoulder and back due to a repetitive stress injury caused by drawing blood with her left arm repeatedly and holding her arm in an awkward position. Dr. Stoll determined Ms. Kirk may draw blood ten to thirteen times per day, but she did not draw blood repeatedly for eight hours per day. She also did computer work and used fax and copy machines. Dr. Stoll opined that the subjective complaints of Ms. Kirk were not supported by the objective medical documentation as being causally related to the work. He also opined that classifying the injury as being repetitive stress was inconsistent with Ms. Kirk's job description.

On September 6, 2016, the claims administrator rejected the claim because the disability complained of was not due to an injury or disease received in the course of and resulting from employment. This protest followed.

In a September 27, 2016, letter to Brickstreet, Dr. Flint stated that Ms. Kirk was treated from August 16, 2016 to September 6, 2016, for full spine vertebral pain and tension; poly myalgia; and left costotransverse, costosternal, and costochondral T8-T10 rib pain. He opined that the conditions of left scapular, left glenohumeral, and left upper arm pain should also be added as compensable. In his opinion, the pain was a result of Ms. Kirk's "workplace ergonomics with continual and prolonged arm elevation which occurs as per her job description as a phlebotomist". In his opinion, Ms. Kirk's injuries were due to progressive irritation of the muscles leading to the myalgia and presenting as advanced thoracic outlet syndrome.

In a December 19, 2016, letter to Brickstreet, Dr. Hultman stated that Ms. Kirk was employed as a phlebotomist and medical assistant, with 90% of her work in the lab. She had been treated for fatigue and generalized pain since 2011, specifically in the back, knee, shoulder, neck and right arm.

Ms. Kirk testified by deposition on January 23, 2017. She described her work at Dr. Hultman's office as mostly phlebotomy work and stated that she did blood work for about twenty to twenty-seven patients per day. She drew blood for about two to two and a half hours during her work day. She also performed urine drug screens, worked on lab letters, and made phone calls. When she was not drawing blood, her left arm was up on a desk and she was writing. When she drew blood, she was generally sitting and her left arm was outstretched directly in front of her. She is left handed. She started having pain in her left shoulder and upper back in January of 2016. The pain is in her chest, under her clavicle, and around the left shoulder blade, shoulder, elbow, and down to her hand. She has continued to treat with Dr. Hultman, who treats her with adjustments and a machine that vibrates the rib cage and muscles. She has a little bit of relief following that treatment. She continued to have pain at the top of her shoulder blades as well as tightness, soreness, left arm weakness, and weakness underneath the clavicle. Her symptoms had not improved since she quit working in August of 2016.

The Office of Judges affirmed the claims administrator's rejection of the claim on May 2, 2017. It found that Ms. Kirk failed to establish by a preponderance of the evidence that she sustained a repetitive stress injury due to her work. Based on Ms. Kirk's deposition testimony, the Office of Judges determined that she was not required to continually or repetitively use her left arm for prolonged periods of time during the day. The repetitive activities she performed would not be sufficient to produce a repetitive stress injury. The Office of Judges also found that the medical evidence did not support a compensable diagnosis. It determined the record did not contain any reliable evidence that drawing blood for two hours a day would cause somatic dysfunction in the rib cage or thoracic pain. Ms. Kirk's treatment for diffuse pain complaints from December of 2007 to May of 2016 suggested that she had a pre-existing condition unrelated to her employment. The Office of Judges determined that the weight of the evidence did not support compensability of the claim. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on September 26, 2017.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Ms. Kirk has a ten year history of diffuse pain complaints and fatigue. She has been diagnosed with strains, myalgias, and muscle weakness. Dr. Flint accepted Ms. Kirk's opinion that the ergonomics while she was working caused her symptoms. He also accepted her description of her work duties as repetitive. However, according to Ms. Kirk's testimony, she was not performing repetitive work for eight hours five days a week. She testified that she had other job duties that she performed throughout the day. The time she spent performing those duties far outweighed the time she spent drawing blood. Additionally, there is no reliable medical evidence connecting the symptoms she has to her work as a medical assistant/phlebotomist.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 21, 2018**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker